492 P.2d 643

**Arthur SEARS and Joyce Sears, Plaintiffs-Appellees,**

**v.**

**BOARD OF TRUSTEES OF the ANTON CHICO LAND GRANT et al., Defendants-Appellants.**

**No. 9274.**

Supreme Court of New Mexico.

Dec. 27, 1971.

Rehearing Denied Jan. 20, 1972.

Donald A. Martinez, Las Vegas, for defendants-appellants.

Sutin, Thayer & Browne, Irwin S. Moise, Albuquerque, Jose E. Armijo, Las Vegas, for plaintiffs-appellees.

## OPINION

OMAN, Justice.

Plaintiffs filed suit to quiet title to a certain tract of land situate within the Spiess and Davis Subdivision of the Anton Chico Land Grant. The named defendants were the Board of Trustees of the Anton Chico Land Grant and others. Of these, only the Board has appealed. A group of residents and claimants of the Grant petitioned for leave to intervene, but their petition was denied.

This appeal is by the Board from the Judgment and Decree quieting title in plaintiffs and from the refusal of the trial court to vacate the Board's default or grant a new trial, and by those who sought to intervene (hereinafter called Intervenors) from the denial of their petition to intervene and from the Judgment and Decree quieting title in plaintiffs. We affirm.

The findings of the trial court pertinent to a disposition of this appeal, which are not directly attacked, and, therefore, are conclusive and binding on this court [Springer Corporation v. American Leasing Company, 80 N.M. 609, 459 P.2d 135 (1969)] are as follows:

(A) Findings made in connection with the denial of the Petition in Intervention:

"1. The Anton Chico Land Grant is a pueblo or community land grant to the inhabitants of Anton Chico.

"2. That the petition to the Surveyor General of the United States for a survey and confirmation of the Anton Chico Grant was made by the inhabitants of Anton Chico, New Mexico.

"3. That the Territorial Legislature of New Mexico, by Chapter 42 of the Session Laws of 1907, (Now Chapter 8– Article 1, New Mexico Statutes 1953 Annotated) placed the management of all grants in New Mexico, made by the Governments of Spain or Mexico to any community, town, colony or pueblo or to any individual for the purpose of founding or establishing any community, town, colony or pueblo in a Board of Trustees composed of five members or persons residing within the limits of such Grant and who have an interest in the common lands and further provided for their election and tenure.

"4. That a Board of Trustees was elected by the residents of the Anton Chico Land Grant pursuant to Chapter 42 of the laws of 1907, at an election held on the first Monday of May, 1907, and

said grant has been managed under a board of trustees ever since and such board has also continued to act under the provisions of said act until the present time..

"5. That the said Board of Trustees of the Anton Chico Grant is a defendant in this cause and has filed an answer herein.

"6. That notwithstanding, that the petition to intervene was not timely filed, the court deeming the controversy of importance considered the matter on its merits."

(B) A summary of additional pertinent findings made in connection with the entry of the Judgment and Decree quieting title:

1. A patent to the lands comprising the community land was issued by the United States of America to the Town of Anton Chico in 1883, and the nature of this grant has been adjudicated in Reilly v. Shipman, 266 F. 852 (8th Cir. 1920), and Board of Trustees etc. v. Brown, et al., 33 N.M. 398, 269 P. 51 (1928).

2. In Cause No. 98 in the District Court of Guadalupe County (which became Cause No. 2062 on appeal in this court) title to the Grant lands was quieted in the Town, excepting a portion thereof which conflicted with another grant. A decree was entered by this court in the appeal proceedings on May 15, 1918, whereby Charles A. Spiess and S. B. Davis, Jr. were declared to be the owners of certain Grant lands which have since been known as the Spiess and Davis tract.

3. Thereafter, in Cause No. 2164 in the District Court of Guadalupe County, filed April 18, 1930, the title to all the lands in the Spiess and Davis tract was quieted in the plaintiffs named in said cause. In that cause the Board and the officers and individual members thereof were made parties defendant and were personally served with process, but no appearance was entered by or on behalf of the Board and the plaintiffs' title to the lands was not contested.

4. Thereafter a portion of the Spiess and Davis tract was subdivided, and this subdivision is known as "Unit No. 1 of the Spiess and Davis Tract of the Anton Chico Land Grant." Thereafter the title to a portion of the lands contained in said Unit No. 1 was quieted in Robert H. Wellborn by the District Court of Guadalupe County in Cause No. 2776 on the docket of that court. In that cause the officers and the individual members of the Board of the Grant were made parties defendant, were duly served with process and were represented by an attorney, who approved the decree quieting the title in the said Robert H. Wellborn.

5. Thereafter Robert H. Wellborn and wife conveyed a portion of the lands herein question to Alex Sears and wife and C. F. Sears and wife, who in turn conveyed to Arthur Sears, one of the plaintiffs herein. Arthur Sears also acquired additional tracts in Unit No. 1 from the Treasurer of Guadalupe County and from the New Mexico State Tax Commission.

6. Plaintiffs in the present suit had been in the actual, exclusive and visible possession of all the lands here in question for more than ten years next preceding the filing of their complaint. This possession on their part was continuous, in good faith, under color of title, inconsistent with, and hostile to the claims of all others. During all this period plaintiffs paid all State and County taxes levied and assessed against the lands, and no claim by suit at law or in equity was asserted against plaintiffs' claims to the lands at any time during the said ten years.

7. The Board was represented by an attorney in the present suit and filed an answer denying plaintiffs' title to the lands. On February 9, 1970, notice was given by the Clerk of the Court to the attorney that March 4, 1970 at 10:00 o'clock a. m., at Santa Rosa, New Mexico, had been fixed as the time and place for hearing of the cause on its merits. Pursuant to this notice the attorney caused to be issued subpoenas for 31 witnesses commanding them to be present and testify on behalf of the Board. The cause was called for trial promptly at 10:00 o'clock a. m. on March 4,

1970 in the courtroom of the Guadalupe County Courthouse at Santa Rosa. The attorney for the Board was not present, so the court instructed the clerk to ascertain from the attorney's office in Las Vegas the whereabouts of the attorney. The clerk complied and reported to the court that the attorney was on his way from Las Vegas to Santa Rosa for the trial and would be in the courtroom before 11:00 o'clock a. m. The court thereupon recessed until 11:00 o'clock a. m. At 11:15 o'clock a. m. the attorney had still not arrived, so the court proceeded and directed plaintiffs to begin the presentation of their case. At 12:15 o'clock p. m. plaintiffs had completed their case and the attorney still had not arrived. Thereupon the court adjourned.

On March 10, 1970 the Board, through its attorney, filed a "Motion for New Trial and for Relief from Default." This motion was denied.

On September 4, 1970 plaintiffs filed their requested findings of fact and conclusions of law. All of these requested findings but one were adopted by the court. Appellants made no requests. The Judgment and Decree was entered on October 22, 1970.

■ Appellants contend that by reason of the trial court's failure to make, sign and file a decision as required by Rule 52(B) (a), Rules of Civil Procedure [§ 21–1–1(52) (B) (a), N.M.S.A. 1953 (Repl. Vol. 4, 1970)] the findings adopted by reference may not be considered by us. We must agree the trial court failed to comply with the rule. Normally we would remand the cause to the trial court to make, sign and file a proper decision as required by the rule. Mora v. Martinez, 80 N.M. 88, 451 P.2d 992 (1969); Moore v. Moore, 68 N.M. 207, 360 P.2d 394 (1961). However, it is apparent the trial judge read and considered the requested findings. He rejected one of the requests, but adopted all the others. In view of this consideration and adoption of the requests by the trial judge, the fact that he has retired as a district judge, and the further fact that appel-lants made no effort to file requests or to call the now claimed error to the attention of the trial court, we are not inclined to remand the case for the entry of a proper decision by some other judge unfamiliar with the case, or disregard the findings actually adopted and made by the trial judge.

■ In our opinion the conclusions of law made by the trial judge correctly follow from the findings of fact and support the Judgment and Decree quieting title in plaintiffs. We do not agree with appellants that we must disregard the findings, the conclusions and the Judgment and Decree, because, as they contend, the trial court lacked authority to quiet the title in plaintiffs. Their position is that the decree entered in this court on May 15, 1918, pursuant to stipulation, and which decree is referred to in Paragraph (B) 2 above, was fraudulent and void; that any interest in the lands acquired by Spiess and Davis under the said decree was held by them as constructive trustees for the benefit of the Grant; that all the intervening proceedings to quiet title to these lands were void and of no effect; and that the trial court in the present case was without power or authority to quiet title in plaintiffs. These contentions are entirely inconsistent and incompatible with the issues which are properly before us on this appeal and with the history of the possession and title of these lands since May 15, 1918.

■■ As to the denial by the trial court of the petition to intervene, the Intervenors, in the brief in chief, quoted extensively from their proposed "Complaint in Intervention" and then reviewed at length their contentions as to the law applicable to community grants. However, the Complaint in Intervention is not contained in the record before us on this appeal. We are limited in our review to the facts contained in the record before us. Supreme Court Rule 17 (1) [§ 21–2–1(17) (1), N.M.S.A. 1953 (Repl. Vol. 4, 1970)]; Reger v. Preston, 77 N.M. 196, 420 P.2d 779 (1966).

Intervenors must fail for the further and principal reason that the Board, which is vested with the control, care, management and government of the Grant and the common lands thereof and which may sue and be sued in connection therewith [§ 8–1–3, N.M.S.A. 1953 (Repl.Vol. 2, 1966)], was named as a party, filed answer to the complaint, and was represented by the same attorney who represented Intervenors. No showing was made that the Board's representation of any rights the Intervenors, as residents of the Grant, might have in and to the lands would be inadequate, or that Intervenors could or would properly assert some claim or defense which the Board could not or would not properly assert. They argue that prior members of the Board have failed in the past to adequately represent the residents and holders of interests in the Grant and its lands, but no such contention was made in their petition to intervene. In any event, the fact that prior members of the Board may have failed in their duty to properly represent the Grant does not show or demonstrate that the present membership of the Board was failing or was likely to fail in properly representing the Grant in this suit. Intervenors alleged in their petition to intervene that their interests in and to the lands were not adverse to the claims of the Board, and, as already stated, they made no claim that the Board could not or would not assert all claims and defenses which could properly be asserted.

The final issue to be decided is whether the trial court abused its discretion in refusing to grant the Board a new trial or relief from default. The record reflects the following:

1. The complaint was filed on August 24, 1967.

2. The Board filed answer on January 10, 1968.

3. The case was set for trial on May 29, 1968. It was on this date that the motion to intervene was filed. Consequently, the trial setting was vacated.

4. An order denying intervention was filed on May 22, 1969. A motion to vacate this order was filed on August 26, 1969.

5. The case was set for hearing on the merits at 10:00 o'clock a. m. on March 4, 1970. Appellants' attorney failed to appear as shown above.

6. On March 10, 1970 the Board filed a motion for new trial and relief from default. A hearing was held on this motion and the motion denied on October 20, 1970.

7. The Judgment and Decree quieting title in plaintiffs was entered on October 22, 1970.

The Board acknowledges that rulings on all motions for new trials and relief from defaults are left to the sound discretion of the trial court. Adams & McGahey v. Neill, 58 N.M. 782, 276 P.2d 913 (1954). In the exercise of this discretion, the trial court should bear in mind that default judgments are not favored. Wooley v. Wicker, 75 N.M. 241, 403 P.2d 685 (1965); Rogers v. Lyle Adjustment Company, 70 N.M. 209, 372 P.2d 797 (1962).

By comparing the facts in this case with those in the Wooley and Rogers cases, in which we held the trial courts did not abuse their discretion in refusing to set aside default judgments, we are unable to say, as a matter of law, that the trial court in the present case abused its discretion.

The Orders and the Judgment and Decree from which the appeals were taken are affirmed.

It is so ordered.

McMANUS and MONTOYA, JJ., concur.