529 P.2d 1227

**STATE of New Mexico ex rel. Fred ALFRED, Petitioner-Appellant,**

**v.**

**Hon. Franklin G. ANDERSON, Magistrate, Division II, San Juan Magistrate District, and State Securities, Inc., Respondents-Appellees.**

No. 10105.

Supreme Court of New Mexico.

Dec. 20, 1974.

Rehearing Denied Jan. 9, 1975.

Richard W. Hughes, Shiprock, for petitioner-appellant.

No appearance for respondents-appellees.

## OPINION

OMAN, Justice.

This is an appeal from a judgment quashing an alternative writ of prohibition and dismissing the application for the writ. We affirm.

State Securities, Inc. (Securities) recovered a judgment against petitioner Alfred in the magistrate court presided over by respondent Anderson. No question as to the validity of this judgment is involved.

Alfred failed to pay the judgment and the magistrate issued a writ of garnishment directed to Utah International, Inc. (Utah), Alfred's employer. Pursuant to the writ, Utah paid into the magistrate court the sum of $45.00. Thereupon, Alfred filed his application in the district court for a writ of prohibition whereby he sought to compel the magistrate to pay the $45.00 to him and to refrain "from issuing any further such writs." The district court issued an alternative writ, but, after a hearing, quashed this writ and dismissed Alfred's application.

No transcript of the hearing in the district court is before us. No findings of fact were requested or made by the court. The only facts before us on this appeal are the allegations contained in Alfred's application for a writ of prohibition. From these allegations, we understand that Alfred is a Navajo Indian, resides on the Navajo Indian Reservation, and is employed on the Reservation at the Navajo mine by Utah. Although not expressly so recited, it appears the $45.00 paid into the magistrate court by Utah was a portion of Alfred's wages for work performed by him for Utah at the mine.

We have no knowledge as to where the wages were payable or where the writ of garnishment was served upon Utah. That is, we have no knowledge as to whether the writ was served or the wages were payable on or off the Reservation. We do know the $45.00 were paid into the magistrate court prior to the filing in the district court of the application for writ of prohibition.

We can properly consider only those facts which appear in the transcript on appeal, which in this case is identical with the record proper in the district court. Sears v. Board of Trust. of Anton Chico Land Grant, 83 N.M. 372, 492 P.2d 643 (1971); Westland Development Co. v. Saavedra, 80 N.M. 615, 459 P.2d 141 (1969). Upon a doubtful or deficient record we indulge every presumption in support of the correctness and regularity of the decision of the trial court. General Services Corp. v. Board of Com'rs., 75 N. M. 550, 408 P.2d 51 (1965); Cassell Motor Co. v. Gonzales, 32 N.M. 259, 255 P. 636 (1924). Every reasonable intendment and presumption are resolved in favor of the proceedings and judgment in that court. Morris v. Merchant, 77 N.M. 411, 423 P.2d 606 (1967); Ellis v. Parmer, 76 N.M. 626, 417 P.2d 436 (1966).

We agree with Alfred that prohibition may properly be utilized to prevent a court from proceeding without jurisdiction. State ex rel. Attorney General v. Reese, 78 N.M. 241, 430 P.2d 399 (1967). However, prohibition is a preventive and not a curative writ. It issues to prevent the commission of a future act and not to undo or correct that which has already been accomplished. State Game Commission v. Tackett, 71 N.M. 400, 379 P.2d 54 (1962); State Tax Comm. v. First Judicial District Court, 69 N.M. 295, 366 P.2d 143 (1961); State ex rel. Davis v. District Court of the Fifth Judicial District, 67 N.M. 215, 354 P.2d 145 (1960).

In the present case, the garnishment proceedings were an accomplished fact before the application for prohibition had been filed. The writ had been issued and the $45.00 had been paid into the magistrate court pursuant to the writ. Even if we were in possession of facts which clear-

ly demonstrated that the magistrate court exceeded its jurisdiction in issuing the writ of garnishment, in accomplishing service thereof, or in taking some other action in connection with the garnishment proceedings, still a writ of prohibition could not properly issue to undo or correct that which had already been accomplished.

■ The only remaining act to be accomplished, in order to bring the garnishment proceedings to a total conclusion, was the delivery by the magistrate of the $45.00 to Securities, the judgment creditor. Even if, under the facts presented to us, we were inclined to hold that the district court abused its discretion in not prohibiting the magistrate from making delivery of these funds to Securities, we still would not reverse the judgment of the district court. Alfred failed to secure a stay of the judgment of the district court and, consequently, of the garnishment proceedings in the magistrate court. Records in the Office of the Administrator of the Courts, who acts under the supervision and direction of this Court, indicate that the $45.00 have long since been delivered to Securities by the magistrate court. We decline to require the issuance of a writ which would and could accomplish nothing.

■ As stated above, Alfred also sought to have the magistrate prohibited "from issuing any further such writs." Such writs apparently mean writs of garnishment issued to Utah commanding it to answer as to whether or not it is indebted to Alfred. The writ heretofore issued by the magistrate and Utah's answer thereto are not before us. Clearly the magistrate court has authority to issue writs of garnishment. Section 36–14–16, N.M.S.A.1953 (2nd Repl.Vol. 6, Supp.1973). The matters of service of such writs and the effect thereof are not here involved. As above stated, we have no knowledge as to where the particular writ, which prompted Alfred to seek prohibition, was served, and the record fails to disclose the domicil of Utah, which is the situs of any debt or obligation owing by it to Alfred. Section 26–1–3, N.M.S.A.1953. If an attempt be made, by service of a writ of garnishment, to attach personal property, money, rights, credits, bonds, bills, notes, drafts or other choses in action of Alfred over which the magistrate court cannot acquire jurisdiction, then a proper attack may be made upon this attempt. However, as already noted, the mere issuance of a writ of garnishment, which is what Alfred seeks to have prohibited, is not beyond the jurisdiction of the magistrate court.

The judgment should be affirmed.

It is so ordered.

STEPHENSON and MARTINEZ, JJ., concur.