648 P.2d 315

**Barbara A. LUXTON,
Petitioner-Appellant,**

v.

**James M. LUXTON,
Respondent-Appellee.**

No. 13740.

Supreme Court of New Mexico.

July 20, 1982.

Durrett, Jordon & Grisham, Sandra A. Grisham, Alamogordo, for petitioner-appellant.

Burroughs & Rhodes, F. Randolph Burroughs, Alamogordo, for respondent-appellee.

## OPINION

EASLEY, Chief Justice.

Wife sued Husband for dissolution of marriage and division of community property. She appeals, and we reverse.

We discuss:

1. Whether the Husband's U. S. Civil Service medical retirement benefits are community property.

2. Whether the Wife has met her burden of proof by showing that the personal injury settlement award is her sole and separate property.

3. Whether the Wife's failure to include exhibits in the record on appeal, which are germane to the issue of substantial evidence that she raised on appeal, constitutes waiver of that issue.

4. Whether the trial court abused its discretion by not considering the Husband's present income in setting the amount of child support.

5. Whether the trial court's failure to award attorney fees to the Wife was an abuse of discretion.

Husband and Wife were married on November 10, 1963, in Texas. They have three children. Both parties lived in Texas until September 1971, then moved to Alamogordo, New Mexico. The Husband was employed under Civil Service from December 1965 until after the date of the trial court's decision. He now receives U. S. Civil Service medical retirement benefits because of chronic kidney disease requiring dialysis treatment three times a week for three or four hours a session.

The trial court found that the Husband would probably receive Civil Service medical retirement benefits. The court further found that many of the outstanding loans are covered by the Husband's disability insurance. The Husband testified that his medical retirement benefits would be about $600 per month, after deducting medical and life insurance costs. The Wife's monthly net income is $532.56. The court concluded, *inter alia*, that the Wife was to have custody of the three children and that the Husband's Civil Service medical retirement benefit was his separate property.

1. *Whether the Husband's U. S. Civil Service medical retirement benefits are community property.*

■ The United States Supreme Court recognizes that " '[t]he whole subject of domestic relations of husband and wife * * * belongs to the laws of the States and not to the laws of the United States.' " *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581, 99 S.Ct. 802, 808, 59 L.Ed.2d 1 (1979), *quoting In re Burrus*, 136 U.S. 586, 593–94, 10 S.Ct. 850, 852–53, 34 L.Ed. 500 (1890). However, this fundamental principle will give way when "[s]tate family and family property law * * [do] 'major damage' to 'clear and substantial' federal interest [under] the Supremacy clause [of the United States Constitution]". *Hisquierdo, supra*, 439 U.S. at 581, 99 S.Ct. at 808.

In *Hisquierdo*, the Court determined that California's community property law did not apply to Railroad Retirement Act benefits, 45 U.S.C.S. § 231–231u (1981 and Supp. 1982). The Court relied on the express language in Section 231m which prohibited the States from attaching the benefit by any legal process.

In a subsequent decision, *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the Court explained the holding in *Hisquierdo*.

> But *Hisquierdo* did not hold that only the particular statutory terms there considered would justify a finding of preemption; rather it held that "[t]he pertinent questions are whether the right as asserted conflicts with the express terms of federal law and whether its consequences sufficiently injure the objectives of the federal program to require non-recognition."

*McCarty, supra*, at 2735, *quoting Hisquierdo, supra*, 439 U.S. at 583, 99 S.Ct. at 809. The decision in *McCarty* involved the question whether United States Military Retirement benefits, 10 U.S.C. §§ 3911 and 3929 (1976), are not subject to state community property laws because of federal pre-emption. Although the statutory provisions governing military retirement benefits do not contain the explicit language found in Title 42, Section 231m of the United States Code, the Court reasoned that Congress intended to preclude the operation of state community property laws by examining the

language, structure and legislative history of the statute. "First, the service member may designate a beneficiary to receive any unpaid arrearages in retired pay upon his death. 10 U.S.C. § 2771." *McCarty, supra,* at 2737 (footnote omitted). Secondly, military retirement benefits are a "personal entitlement". Finally, "it is clear that Congress intended that military retirement pay 'actually reach the beneficiary'." *Id.* at 2739 (citation omitted).

We begin by applying *Hisquierdo* and *McCarty* to this case. Congress provides for medical retirement benefits to civil service employees who meet certain conditions. 5 U.S.C. § 8337 (1976 & Supp. IV 1980). Any benefits received are not assignable either in law or in equity and are not subject to legal process, unless otherwise stated. 5 U.S.C. § 8346 (Supp. IV 1980). One of the exceptions to Section 8346 is contained in Section 8345(j)(1) of Title 5, which reads:

> Payments under this subchapter which would otherwise be made to an employee * * * based upon his service shall be paid (in whole or in part) by the office to another person if and to the extent provided for in the terms of any court decree of divorce, annulment, or legal separation, or the terms of any court order to court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation.

The plain language of this statutory provision clearly indicates that Congress intended to leave Civil Service medical retirement benefits to state law. See *Cowan v. Plsek,* 592 S.W.2d 422 (Tex.Civ.App.1979) (held civil service benefits are subject to community property law). The Congressional history of this provision further supports that these benefits are an asset of the marriage. S.Rep.No.95–1084, 95th Cong., 2d Sess. (1978), U.S.Code Cong. & Admin. News 1978, p. 1379. As an asset of the marriage, the benefits are community property. *Campbell v. Campbell,* 62 N.M. 330, 310 P.2d 266 (1957).

In *Hughes v. Hughes,* 96 N.M. 719, 634 P.2d 1271 (1981), we recently held that U. S.

Civil Service medical retirement benefits are community property. In light of our discussion here, we see no reason why *Hughes* should be overruled. We, therefore, affirm our decision in *Hughes* and reverse the trial court for failing to hold that these benefits are community property.

2. *Whether the Wife has met her burden of proof in showing that the personal injury settlement is her sole and separate property.*

The Wife contends that the entire amount of the personal injury settlement is her separate property. The Husband admits that the lawsuit was to recover for personal injuries she sustained in a car accident, but the lawsuit also included a claim for subrogation. The proceeds did not cover the value of the car and were used for home improvements. She seeks to impose an equitable lien against the home in the amount of the entire settlement.

We recognize that, in a personal injury case, an award for pain and suffering is a spouse's separate property. *Soto v. Vandeventer,* 56 N.M. 483, 245 P.2d 826 (1952); *Amador v. Lara,* 93 N.M. 571, 603 P.2d 310 (N.M.Ct.App.1979). Although Wife's counsel introduced a copy of the settlement as an exhibit, it was not made part of the record on appeal. We will not engage in speculation as to which part of the settlement was her separate property. *See State ex rel. Alfred v. Anderson,* 87 N.M. 106, 529 P.2d 1227 (1974). When the record on appeal is deficient, we indulge every presumption in support of the correctness of the trial court's decision. *Id.* We find there is substantial evidence supporting the trial court's decision.

3. *Whether the Wife's failure to include exhibits in the record on appeal, which are germane to the issue of substantial evidence that she raised, constitutes waiver of that issue.*

Both parties submitted community property worksheets into evidence, but these exhibits were not made part of the record on appeal. The Wife testified to the value of certain household goods, and the Husband offered no testimony.

Our appellate rules require the appellant, in this case the Wife, to insure that the exhibits are part of the record on appeal. N.M.R.Civ.App. 7(a), N.M.S.A.1978; *Westland Development Co. v. Saavedra*, 80 N.M. 615, 459 P.2d 141 (1969). In substantial evidence cases, we look at the whole record. Unfortunately, the exhibits are not before us, and these exhibits, particularly the community property worksheets, are important in our review. The Wife is required to point out all evidence bearing on the proposition. N.M.R.Civ.App. 9(d), N.M. S.A.1978. We will dismiss a party's substantial evidence issue when that party fails to incorporate in the record on appeal those exhibits which are germane to that issue. *See* N.M.R.Civ.App. 31, N.M.S.A.1978. We accordingly dismiss this issue.

4. *Whether the trial court abused its discretion by not considering the Husband's present income in setting the amount of child support.*

At the time of the trial, the Husband was employed by the U. S. Government, earning over $18,000 a year. The trial court awarded $60.00 per month per child in the event he receives medical retirement or $100 per month per child if he becomes reemployed.

A trial court has abused its discretion when its decision is against logic and reason. *Federal Land Bank of Wichita v. Burgett*, 97 N.M. 519, 641 P.2d 1066 (1982). We cannot say that paying $180 a month for child support while receiving $600 a month for medical retirement is against logic and reason. In fact, the amount might be too high after considering the Wife's share in his medical retirement. We therefore remand this issue to the trial court in light of our disposition of the Husband's medical retirement.

5. *Whether the trial court's failure to award attorney fees to Wife was an abuse of discretion.*

The Wife contends that she is entitled to $2,300 in attorney fees based on *Michelson v. Michelson*, 89 N.M. 282, 551 P.2d 638 (1976). In *Michelson*, we said that an attorney's skill, experience, standing and ability are factors to consider in awarding attorney fees. We did not say they were the *only* factors. In fact, in *Schuermann v. Schuermann*, 94 N.M. 81, 84, 607 P.2d 619, 622 (1980), we added:

It is important for trial judges to be liberal in awarding attorney's fees in cases * * * where economic disparity between the parties and costs involved in pursuing the action are so great that participation becomes economically oppressive to one party. To do otherwise would have a chilling effect upon the less affluent parties ability to present his or her case. * * *

After considering the Wife's and Husband's income, which are almost identical, we cannot find that the trial court's denial of attorney fees is an abuse of discretion. We uphold this part of the trial court's decision.

This case is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, J., concur.