The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Donielle BALL, Defendant–Appellant.

No. 98CA1904.

Colorado Court of Appeals, Division IV.

Feb. 15, 2001.

Rehearing Denied March 29, 2001.

Ken Salazar, Attorney General, David C. Lugert, Special Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Lisa Dixon, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge RULAND.

Defendant, Donielle Ball, appeals from a judgment of conviction for first degree burglary entered following a trial to the court. We vacate the judgment and remand for further proceedings in the juvenile court.

According to the prosecution's evidence, after observing defendant and a companion break into a residence, a witness telephoned the police. The police arrived and observed both defendant and his companion running out the back door. The companion carried a pistol and was shot by one of the officers and seriously wounded. Defendant and his companion were then arrested. At the time, defendant was 16 years of age.

The prosecution direct filed an information in the district court charging defendant with one count of first degree burglary. Defendant filed a motion objecting to the direct filing, asserting a violation of the requirements of § 19–2–517, C.R.S.2000, of the Children's Code. The motion was denied.

## I.

■ Defendant contends that the court erred in denying his motion to dismiss the information and to remand the case to the juvenile court. In support, defendant argues that § 19–2–517 did not authorize a direct filing because the information failed to separately charge him with a "crime of violence." We agree.

■ The prosecution may direct file a felony information against a juvenile in the district court only if that filing is authorized by § 19–2–517. As pertinent here, direct filing is permitted if the juvenile "[i]s alleged to have committed a felony enumerated as a crime of violence pursuant to section 16–11–309, C.R.S." Section 19–2–517(1)(a)(II)(A), C.R.S.2000.

According to § 16–11–309(2)(a)(I), C.R.S. 2000:

"Crime of violence" means any of the crimes specified in subparagraph (II) of this paragraph (a) ... during which ... the person:

(A) Used, or possessed and threatened the use of, a deadly weapon; or

(B) Caused serious bodily injury or death to any other person except another participant. (emphasis supplied)

First degree burglary is one of the crimes listed in § 16–11–309(2)(a)(II). However, there was no additional allegation that defendant used, or possessed and threatened the use of, a deadly weapon. Similarly, there was no allegation that he caused serious bodily injury or death. And, the use, or possession and threatened use of, a deadly weapon is not an element of first degree burglary. See § 18–4–202(1), C.R.S.2000.

In People v. Banks, 9 P.3d 1125 (Colo. 2000), our supreme court recently addressed § 16–11–309 in the context of sentencing. Based upon its prior decisions in People v. Terry, 791 P.2d 374 (Colo.1990), and Terry v. People, 977 P.2d 145 (Colo.1999), the court noted that crime of violence sentencing applies if the provisions of the statute defining the substantive offense also include a requirement that sentencing be enhanced pursuant to § 16–11–309. In that event, it is unnecessary for the prosecution to separately plead and prove a crime of violence. See also People v. Lee, 989 P.2d 777 (Colo.App. 1999)(crime of violence sentencing was proper because the statute defining second degree assault so provided).

Based upon the Terry opinions, the court in Banks also noted that if the charged offense is one of the crimes enumerated in § 16–11–309(2)(a)(II), then, based upon the express language of §§ 16–11–309(4) and 16–11–309(5), the prosecution must plead and prove that defendant used, or possessed and threatened the use of, a deadly weapon or caused serious bodily injury. We view that analysis as controlling in interpreting the crime of violence statute here in relation to § 19–2–517.

As noted, the information here charged defendant with first degree burglary only in violation of § 18–4–202(1). As also noted, the statutory elements of this crime do not include the requirement that defendant or his companion cause serious bodily injury. Likewise, there is no requirement that defendant or his companion use, or possess and threaten the use of, a deadly weapon. Instead, it is only necessary to prove that defendant or another participant possessed a deadly weapon.

Finally, there is no requirement in the statute that the defendant be sentenced pursuant to the crime of violence statute, § 16–11–309. See People v. Zamora, 13 P.3d 813

(Colo.App.2000); *People v. Lee, supra* (direct filing against a juvenile was permissible based upon a charge of second degree assault because that statute expressly requires sentencing under § 16–11–309).

As a result, and contrary to the prosecution's contention, we conclude that to permit direct filing in district court, § 19–2–517 requires more than simply charging first degree burglary. Instead, consistent with the analysis in *Banks*, for first degree burglary to be enumerated as a crime of violence, and thus to be direct filed, the prosecution must allege that defendant used, or possessed and threatened the use of, a deadly weapon. In the alternative, the prosecution must plead that defendant caused serious bodily injury. *See also A.C., IV v. People*, 16 P.3d 240 (Colo.2001)(fn.1)(discussing when the right to a jury trial is authorized under the Children's Code).

We find further support for this conclusion in the statutory scheme of the Children's Code relative to the adjudication of juvenile misconduct. *See* § 19–1–102, C.R.S. 2000. To that end, the juvenile court has been granted "exclusive original jurisdiction" to address misconduct of juveniles except in specifically defined circumstances. *See* § 19–1–104(1)(a), C.R.S.2000. The obvious intent of the General Assembly was to carefully define those cases in which a juvenile would be tried as an adult.

Accordingly, because the prosecution did not separately charge defendant with commission of a crime of violence, it was error to permit the direct filing of an information in the district court. In sum, the district court lacked jurisdiction to proceed. *See People v. Easter*, 914 P.2d 493 (Colo.App.1995)(failure to file information in district court within five days after juvenile court's order transferring case deprived the district court of jurisdiction).

Given that the district court lacked jurisdiction to proceed, we do not address defendant's contentions relative to the other rulings by that court.

Accordingly, the judgment of conviction is vacated, and the cause is remanded to the juvenile court for further proceedings pursuant to § 19–2–518, C.R.S.2000.

DAVIDSON and KAPELKE, JJ., concur.