**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Rachel A. VICKERS, Defendant–Appellant.**

**No. 06CA0514.**

Colorado Court of Appeals, Div. I.

July 26, 2007.

John W. Suthers, Attorney General, Matthew D. Grove, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Rebecca R. Freyre, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Rachel A. Vickers, appeals the sentence imposed upon the judgment of conviction entered after she pled guilty to criminally negligent homicide and first degree criminal trespass. We vacate the sentence and remand the case for further proceedings.

## I.

On May 4, 2005, defendant was with a close friend at his apartment. According to defendant, the friend went to his room and when she went to check on him, he was sitting on his bed with a gun in his mouth. She tried to "hit the gun away with her hand when the gun discharged." The friend died from a single gunshot wound to the mouth.

Defendant was seventeen years old at the time, but was initially charged as an adult under the direct file statute, § 19-2-517, C.R.S.2006, with second degree murder and a crime of violence. However, both charges were later dismissed as part of a plea agreement, and defendant pled guilty to criminally negligent homicide and first degree trespass. The court concluded it was required to sentence defendant as an adult, and it imposed a three-year sentence to community correc-

tions. Thereafter, defendant was terminated from community corrections, and the trial court transferred her sentence to the Department of Corrections.

## II.

Relying on *Flakes v. People*, 153 P.3d 427 (Colo.2007), defendant contends the trial court erred in concluding she had to be sentenced as an adult. She concedes the original two charges were properly filed under the direct file statute. But she maintains that because neither of the two offenses to which she pled guilty is enumerated in the direct file statute or subject to direct filing, the court was required to consider a juvenile sentence, and she is entitled to be resentenced. *See Delgado v. People*, 105 P.3d 634, 636 (Colo.2005)(an illegal sentence is one that is not in compliance with statutory requirements).

The People agree they could not have directly filed the charge of first degree criminal trespass. However, they take the position that defendant pled guilty to an offense subject to direct filing when she pled guilty to criminally negligent homicide because (1) the arrest warrant alleged the use of a deadly weapon, and (2) the original information charged her with a crime of violence. *See* § 19–2–517(1)(a)(II)(C), C.R.S.2006 (permitting direct filing if the defendant is alleged to have used, possessed, or threatened to use a deadly weapon). The People further contend the allegation that defendant used a deadly weapon was part of the factual basis underlying her guilty plea and was sufficient under § 19–2–517(1)(a)(II)(C) to consider criminally negligent homicide as a crime of violence, and the trial court was therefore required to sentence defendant as an adult.

We agree with defendant that she was convicted of offenses not enumerated in the direct file statute, and that the trial court had discretion to consider either an adult *or* a juvenile sentence. We thus conclude the trial court erred in determining that it was required to impose an adult sentence.

## A.

While defendant was awaiting sentencing in her case, she requested that her sentenc-ing be delayed until the supreme court announced its decision in *Flakes, supra*, but the trial court denied her request. Defendant was sentenced as an adult on January 27, 2006, and *Flakes, supra*, was announced on February 26, 2007. Hence, defendant preserved this argument for appeal. *Cf. Lopez v. People*, 113 P.3d 713, 716 (Colo.2005) (because the defendant's appeal was pending when *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), was announced, he was entitled to application of *Blakely* ).

We review the legality of defendant's sentence de novo. *People v. Elie*, 148 P.3d 359, 365 (Colo.App.2006).

## B.

If an offense is not a per se crime of violence or one in which the elements of a crime of violence have been alleged, the offense may not be directly filed under § 19–2–517(1)(a)(II)(C). *See People v. Ball*, 22 P.3d 574, 576 (Colo.App.2001)(direct filing of first degree burglary charge is not authorized by statute unless prosecution first alleges that juvenile committed a crime of violence by possession, use, or threatened use of deadly weapon, or that juvenile caused serious bodily injury); *People v. Zamora*, 13 P.3d 813, 815–16 (Colo.App.2000) (direct filing of second degree assault charge against juvenile authorized because the statute setting forth offense required sentencing as a crime of violence).

In *Flakes, supra*, a juvenile defendant was acquitted of the enumerated offenses charged under the direct file statute, but was convicted of unenumerated offenses. The supreme court concluded the trial court had the discretion to sentence the juvenile as an adult *or* as a juvenile, and instructed the trial court on remand to make findings explaining its decision:

> [T]he [trial] court's findings should include, but are not limited to, findings that take into consideration the interests of the juvenile and the community in imposing either a juvenile or adult sentence, the nature and seriousness of the offense including

the use of weapons, the age and relative maturity of the juvenile, any criminal or delinquent history, and the impact of the offense on the victim and on the community.

*Flakes, supra,* 153 P.3d at 437.

In this case, defendant pled guilty to criminally negligent homicide, § 18–3–105, C.R.S. 2006, which provides that "[a]ny person who causes the death of another person by conduct amounting to criminal negligence commits criminally negligent homicide which is a class 5 felony." Thus, the elements of criminally negligent homicide do not include the use, possession, or threatened use of a deadly weapon

The offense is also not a per se crime of violence, and the People did not plead and prove the elements of a crime of violence. *See* § 18–1.3–406(2)(a)(I)(A), (3), (4), C.R.S. 2006; *People v. Banks,* 9 P.3d 1125, 1130 (Colo.2000)(if the statute defining an offense does not prescribe crime of violence sentencing, the prosecution must plead and prove elements of a crime of violence before a defendant is subject to crime of violence sentencing).

Contrary to the People's contention, we conclude that merely alleging the use of a deadly weapon as part of the factual basis does not satisfy the requirements of § 18–1.3–406(2)(a)(I)(A), (3), (4), and does not make criminally negligent homicide an enumerated offense under the direct file statute. *See* § 18–1.3–406(2)(a)(I)(A), (3), (4) (requiring the indictment or information to allege a crime of violence in a separate count); *People v. Ball, supra,* 22 P.3d at 576 (if the information charges an offense that is an enumerated crime of violence but does not contain, as an element of the offense, the use, possession, or threatened use of a deadly weapon, the prosecution must separately allege the use, possession, or threatened use of deadly weapon before being permitted to directly file the charge).

We therefore conclude defendant did not plead guilty to an enumerated offense because the People could not have directly filed the charge of criminally negligent homicide in this case. Hence, the trial court had the discretion to impose either a juvenile or an adult sentence.

Because the record shows the trial court thought it was required to sentence defendant as an adult and did not consider the option of sentencing her as a juvenile, we vacate the sentence and remand the case for resentencing. *See Flakes, supra,* 153 P.3d at 438 (remand was required where the court sentenced defendant as an adult but the record was unclear whether it exercised its discretion in determining the sentence; court also made no findings explaining its decision).

The sentence is vacated, and the case is remanded to the trial court for resentencing, at which time the court should determine whether to sentence defendant as an adult or a juvenile and should make findings explaining its decision.

Chief Judge DAVIDSON and Judge WEBB concur.