This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MARY ROHRER,**

Worker-Appellant,

v.                                                                    **NO. 33,175**

**SMITH'S FOOD & DRUG and SEDGWICK,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**David L. Skinner, Workers' Compensation Judge**

Michael J. Doyle
Los Lunas, NM

for Appellant

Miller Stratvert P.A.
Timothy Briggs
Max A. Jones
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}    Mary Rohrer (Worker) appeals from a compensation order entered by the Workers' Compensation Judge (WCJ) on August 19, 2013. Prior to placement on our general calendar, we issued a notice proposing to summarily affirm in part and summarily reverse in part. Employer/Insurer, Smith's Food and Drug and Sedgwick, (collectively, Employer) filed a memorandum in support, and Worker filed a memorandum in opposition. After reviewing the parties' full briefing of the issues, we are unpersuaded by Worker's arguments in light of our applicable whole record standard of review. As detailed below, we affirm the issues on which we proposed to summarily affirm, and we reverse and remand to the WCJ for the limited purpose of correcting an inconsistency in the compensation order regarding the nature of Worker's injuries and revising either the length of the benefits period and/or the citation for the statute upon which the WCJ relied.

**BACKGROUND**

{2}    While preparing a tortilla-making machine for use at the Smith's Food and Drug grocery store in Los Lunas, the tip of Worker's right ring finger became entangled and crushed between the rollers that flatten the dough used in making tortillas and tortilla chips. In the incident, Worker lost her fingernail, lost range of motion within the affected joints, and suffered stiffness associated with her injury.

2

Following trial on the merits, the WCJ concluded that Worker's "loss of use to the third finger on the right hand is 90% payable for [ten] weeks" and loss of use to her fourth finger on the same hand was "80% payable for [seven] weeks." The WCJ's determination appears to have been based primarily upon the medically uncontradicted trial deposition testimony of Dr. Lujan, M.D., and Dr. Patton, D.O. Dr. Patton described Worker's injury to be to the separate joints of her ring finger and to the tendons of her ring and fourth finger. He testified that other than these two fingers, no other part of Worker's body was injured. Ultimately, based on impairment conversion ratios established within the American Medical Association Guides, the 51 percent and 44 percent impairment ratios Dr. Patton assigned to Worker's third and fourth fingers, respectively, converted to a 10 percent right hand impairment, a 9 percent upper extremity impairment, and a 5 percent whole person impairment. Dr. Lujan reiterated that the injuries suffered were limited to the ring and small finger of Worker's right hand and that he had not observed any injuries to Worker's upper hand and wrist.

**DISCUSSION**

**A.    Worker's Right Hand**

{3}    Worker first argues that the WCJ erred in finding that she did not suffer a compensable injury to her right hand and is thus not entitled to scheduled injury

benefits for the loss of use of her right hand pursuant to NMSA 1978, § 52-1-43(A)(7) (2003). She claims that the WCJ's decision is contrary to her own testimony, which she recounts in some detail in her brief in chief, and medical records admitted at trial.[1] Upon this evidence, Worker suggests that "substantial evidence showed that [W]orker suffered an infirmity or defect that limited the physical functioning of her right hand, not just her fingers[.]"

{4}    "We review workers' compensation orders using the whole record standard of review." *Leonard v. Payday Prof'l*, 2007-NMCA-128, ¶ 10, 142 N.M. 605, 168 P.3d 177. "Under that standard, we must consider all evidence bearing on the findings, favorable or unfavorable, to determine if there is substantial evidence to support the result." *Garcia v. Mora Painting & Decorating*, 1991-NMCA-065, ¶ 20, 112 N.M. 596, 817 P.2d 1238. "Where the testimony is conflicting, the issue on appeal is not whether there is evidence to support a contrary result, but rather whether the evidence

---

[1]Regarding Worker's assertion of facts as to this issue, we note that her explanation of trial events is, at best, incomplete and, at worst, one-sided. By neglecting to inform this Court regarding the nature of the medical testimony at trial, and instead focusing only on evidence favorable to Worker, Worker has failed to provide an "accurate statement of the case summarizing all facts material to a consideration of the issues presented[.]" Rule 12-208(D)(3) NMRA. While we decline to award sanctions, as sought by Employer, we caution Worker's attorney that, in the future, he must adhere to Rule 12-208 in all respects. *See Luxton v. Luxton,* 1982-NMSC-087, ¶ 14, 98 N.M. 276, 648 P.2d 315 (holding that dismissal of appeal is within the array of available sanctions when a party has failed to identify the facts germane to the issue to be reviewed).

supports the findings of the trier of fact." *Tom Growney Equip. Co. v. Jouett*, 2005-NMSC-015, ¶ 13, 137 N.M. 497, 113 P.3d 320 (internal quotation marks and citation omitted). Thus, the question is not whether Worker was theoretically entitled to recover benefits for the injury that she claims to have suffered to her right hand, but whether substantial evidence supports the WCJ's finding that Worker did not suffer a compensable injury to her right hand. *See id.*

{5}    While we do not disagree that Worker presented evidence supporting her claimed injury to her right hand, it is equally clear that Employer presented substantial evidence which called into question the nature and extent of Worker's injury. As Employer points out in its answer brief, there was ample medical testimony that Worker did not suffer an injury to her right hand which was separate from the injury that she suffered to the third and fourth fingers of that hand. To the extent this testimony conflicted with Worker's, we note that it is not our role to adjudicate the credibility of witnesses, reweigh the evidence, or make our own findings of fact. *See Gallegos v. City of Albuquerque*, 1993-NMCA-050, ¶ 11, 115 N.M. 461, 853 P.2d 163. Based on the whole record, we conclude that the evidence presented to the WCJ substantially supports his finding that Worker did not suffer a compensable injury to her right hand, but that the injury was suffered at the joints of Worker's third finger and the tendons of her fourth finger. *See Beltran v. Van Ark Care Cntr.*, 1988-NMCA-

5

043, ¶ 12, 107 N.M. 273, 756 P.2d 1 (defining substantial evidence to be relevant evidence that a reasonable mind would accept as adequate to support a conclusion). The findings and conclusions contained within the WCJ's order are well rooted within the record, and we cannot substitute our judgment for that of the WCJ following trial on the merits. *See Leonard*, 2007-NMCA-128, ¶ 10.

**B.     Evidentiary Issues**

{6}     Worker also continues to argue that the WCJ erred in admitting her deposition testimony and in admitting a private investigator's written report and surveillance video showing Worker using her right hand. She contends that these errors constitute "cumulative reversible error." We disagree.

{7}     Worker maintains that Employer did not offer her deposition testimony under Rule 11-613(B) NMRA and, moreover, that the prerequisites for admission under this rule were not satisfied. Employer argues in its answer brief that Worker's deposition testimony was properly admitted for impeachment purposes pursuant to Rule 1-032(A)(2) NMRA which states, "the deposition of a party . . . may be used by an adverse party for any purpose." At the outset of this appeal, we proposed to conclude that the WCJ did not abuse its discretion in admitting Worker's deposition testimony based, in part, on Rule 11-613(B) (allowing introduction of extrinsic evidence of a witness's prior inconsistent statement under certain circumstances). However, we need

6

not resolve this issue because we conclude that even if the WCJ erred in admitting Worker's deposition testimony, it did not affect her substantial rights. *See* Rule 11-103(A) NMRA (stating that "[a] party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party"). Here, we have already concluded that there was substantial evidence, apart from statements contained within Worker's deposition, for the WCJ to find that Worker suffered no compensable injury to her right hand.

{8}     With respect to the private investigator's report and surveillance video, Worker continues to argue that the WCJ erred in admitting them because they lacked a proper foundation. We review the admission of evidence in workers' compensation proceedings for an abuse of discretion. *Nelson v. Homier Distrib. Co.*, 2009-NMCA-125, ¶ 29, 147 N.M. 318, 222 P.3d 690. We will not disturb the determination below absent a "ruling [that] is clearly against the logic and effect of the facts and circumstances of the case" and can be characterized as "clearly untenable or not justified by reason." *Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 36, 127 N.M. 47, 976 P.2d 999 (internal quotation marks and citation omitted). As we stated in our initial notice, the WCJ determined prior to trial that the private investigator did not need to testify at trial to establish a foundation for the videotape. In her brief in chief, Worker fails to explain the content or significance of the investigator's report,

7

does not explain the specific basis on which either the report or the videotape should have been excluded (apart from general lack of foundation), and offers no citation compelling rejection of such evidence in proceedings of this nature. *See Foster v. Sun Healthcare Grp., Inc.*, 2012-NMCA-072, ¶ 17, 284 P.3d 389 ("Where a party cites no authority to support an argument, we assume no such authority exists."). As set forth, Worker's argument regarding admission of the videotape lacks the detail and clarity necessary to justify a conclusion on appeal that the WCJ abused his discretion in admitting the surveillance video. *See Nelson*, 2009-NMCA-125, ¶ 29. And, as we have stated, the record contains medical testimony that separately provides substantial evidence on which the WCJ's determination can be affirmed.

**C.    Inconsistency in WCJ's Order**

{9}    In our initial notice, we proposed a limited reversal to correct an apparent inconsistency in the WCJ's compensation order. The WCJ found at one point that Worker suffered an injury at the second joint of her third and fourth fingers, and later characterized the injury as to the proximal joint of Worker's third and fourth fingers. The second joint and the proximal joint are not the same, and there are different benefits periods associated with an injury to a second joint and a proximal joint. *See* § 52-1-43(A)(21) (twelve weeks for third finger at proximal joint); § 52-1-43(A)(22) (ten weeks for third finger at second joint);§ 52-1-43(A)(25) (fourteen weeks for

8

fourth finger at proximal joint); § 52-1-43(A)(26) (ten weeks for fourth finger at second joint).

{10} In addition, the WCJ stated it was awarding benefits to Worker for seven weeks for the "injury to the proximal joint on the fourth finger of [her] right hand" pursuant to Section 52-1-43(A)(26). This section provides, however, that the benefits period for an injury to one fourth finger at the second joint is ten weeks, not seven weeks. *See id*. Employer acknowledges that "the WCJ incorrectly awarded [Worker] the wrong number of weeks of loss of use benefits for the injury she suffered to her [fourth] finger." We therefore remand so that the WCJ may correct this error.

**CONCLUSION**

{11} For the reasons stated above and in our previous notice, we remand this case to the WCJ to correct the inconsistency in the compensation order regarding the nature of Worker's injuries and to revise the length of the benefits period and/or the statutory citation to reflect the appropriate benefits period. In all other respects, we affirm.

{12} **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

9

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**