This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38079**

**BRENNA CEPELAK,**

Petitioner-Appellee,

v.

**DAVID GIBSON,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. LaVelle, District Judge**

Atkinson & Kelsey, P.A.
Denise E. Ready
Albuquerque, NM

for Appellee

Michael L. Danoff & Associates
Michael L. Danoff
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Respondent David Gibson (Father) appeals from an order by which the district court ultimately concluded that this state no longer has jurisdiction over custody matters in this case. We previously issued a notice of proposed summary disposition in which we proposed to uphold the district court's determination. Father has filed a combined memorandum in opposition and motion to amend the docketing statement, which we have duly considered. Because we remain unpersuaded, we affirm.

**{2}** We will begin with the motion to amend, by which Father seeks to advance a constitutional challenge on the theory that he has been denied his right to appeal. [MIO 4-6, 16-24] However, the instant appeal from the district court's final order represents the fulfillment of that constitutional right. *See generally Kucel v. N.M. Med. Review Comm'n*, 2000-NMCA-026, ¶ 12, 128 N.M. 691, 997 P.2d 823 (indicating that the constitutional right to one appeal in civil cases applies such that aggrieved parties may appeal from final orders); *Thornton v. Gamble*, 1984-NMCA-093, ¶¶ 11-13, 101 N.M. 764, 688 P.2d 1268 (explaining and applying principles of finality in the context of domestic relations actions). We therefore conclude that the argument is not viable, and accordingly we deny the motion to amend. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91 (indicating that motions to amend docketing statements will not be granted if the issues are not viable), *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶2, 112 N.M. 537, 817 P.2d 730.

**{3}** We turn next to the jurisdictional issue originally presented. As we observed in the notice of proposed summary disposition, [CN 2-3] the district court's determination is supported by the fact that Child and Mother have lived in Nebraska since 2014, and by the fact that Father moved to California in 2017 and sold his Albuquerque residence in 2018. Accordingly, by the time the district court took up the request for a permanent custody order in 2019, it had been many months, if not years, since Father, Mother, or Child resided in New Mexico. This undisputed state of affairs precipitated the district court's conclusion, pursuant to NMSA 1978, Section 40-10A-202(a)(2) (2001), that it no longer retained exclusive continuing jurisdiction. We perceive no error.

**{4}** In his memorandum in opposition Father focuses on the inefficiencies associated with the cost of pursuing litigation for years in this state, without obtaining a final appealable determination on the disputed custody issue prior to the district court's loss of jurisdiction. [MIO 16-24] Although we acknowledge Father's frustration, it does not alter our analysis. "At this stage of this case, the jurisdictional standards are at issue, and we apply the UCCJEA jurisdictional provisions to reach a decision." *State ex rel. Children, Youth & Families Dep't v. Donna J.*, 2006-NMCA-023, ¶ 19, 139 N.M. 131, 129 P.3d 167. The courts of this state cannot simply disregard the jurisdictional limitations imposed by the UCCJEA.

**{5}** We understand Father to further suggest that the district court engaged in some sort of impermissible gamesmanship or wrongdoing by entering temporary orders, declining his requests to bifurcate the proceedings, and then failing to enter a final appealable decision prior to its loss of jurisdiction. [MIO 16-24] However, the record before us reflects that the highly disputed custody issues in this case did not lend themselves to rapid resolution, and the district court's failure to enter the anticipated final custody order was the product of both the parties' relocations out-of-state, and the sudden, unanticipated resignation of the presiding district court judge. We therefore decline either to infer misconduct under the circumstances presented, *see generally State ex rel. Alfred v. Anderson*, 1974-NMSC-101, ¶ 6, 87 N.M. 106, 529 P.2d 1227 (explaining that "we indulge every presumption in support of the correctness and regularity" of the decisions rendered by the trial courts and that "[e]very reasonable

intendment and presumption are resolved in favor of the proceedings and judgment[s]" in those courts), or to arrive at a different conclusion on the jurisdictional issue based upon Father's perception of the equities.

**{6}** Accordingly, for the reasons stated, we affirm.

**{7}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**