**Ralph M. LEPISCOPO, Petitioner–Appellant,**

v.

**Robert J. TANSY, Respondent–Appellee.**

**No. 93–2189.**

United States Court of Appeals,
Tenth Circuit.

Oct. 25, 1994.

Tova Indritz, Federal Public Defender, Albuquerque, NM, for petitioner-appellant.

Anthony Tupler, Asst. Atty. Gen., (Tom Udall, Atty. Gen., with him on the brief), Santa Fe, NM, for respondent-appellee.

Before TACHA and BALDOCK, Circuit Judges, and DAUGHERTY, District Judge.*

DAUGHERTY, District Judge.*

Petitioner–Appellant Ralph Lepiscopo appeals from the order of the United States District Court for the District of New Mexico dismissing with prejudice his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. We affirm for the reasons stated below.

On June 20, 1991, a Santa Fe County grand jury indicted Petitioner Ralph Lepiscopo on charges of forgery and attempted escape. On August 22, 1991, prior to his jury trial, Lepiscopo filed a Motion to Quash the Indictment, claiming that two prison guards had been present in the grand jury room in violation of New Mexico law when he was called to testify before the Santa Fe County grand jury. The state district court denied Lepiscopo's Motion during motions hearings held in September 1991 and January 1992.

---

* The Honorable Fred Daugherty, Senior United States District Judge for the Western, Eastern and Northern Districts of Oklahoma, sitting by designation.

On September 25, 1991, again prior to the jury trial of the Petitioner's case in state court, Lepiscopo filed a Verified Petition for a Writ of Prohibition in the New Mexico Supreme Court which sought prohibition of his jury trial on the grounds of the alleged presence of the two prison guards in the grand jury room during his grand jury testimony. On October 25, 1991, also prior to the trial of the Petitioner's case in state court, Lepiscopo filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the U.S. District Court for the District of New Mexico. The sole issue raised in that Petition, as in the other prior Motion and Petition filed in state courts, was the alleged presence of the prison guards in the grand jury room.

On January 23, 1992, Petitioner Ralph Lepiscopo was convicted by a jury verdict of one count of attempted escape from the state penitentiary and two counts of forgery under New Mexico law. Lepiscopo was sentenced on March 4, 1992, to consecutive terms of nine years on the attempted escape count and three years on each of the two forgery counts, all to run consecutively to each other. The Court also found Lepiscopo to be a habitual offender and sentenced him to additional consecutive terms of imprisonment of eight years on each of the three counts, for a total term of imprisonment of 39 years. The Judgment, Sentence and Commitment was filed on March 10, 1992. Pursuant to New Mexico law, Petitioner was allowed until April 9, 1992, within which to file a notice of appeal. Section 39–3–3(A) NMSA (1978). No appeal was filed.

It is undisputed that after his above-mentioned indictment, Petitioner complained in three different Courts about the alleged presence of two guards in the state grand jury room during his testimony before that body. First, by a Motion to Quash the Indictment filed in the State District Court, which was ruled on and denied prior to his jury trial in that Court. Next, by his Verified Petition for a Writ of Prohibition filed in the New Mexico Supreme Court which was misfiled by that Court and not ruled on prior to his jury trial, and, lastly, by his federal Petition for Writ of Habeas Corpus now before this Court. All three were filed before his state jury trial.

The State filed a Motion to Dismiss Lepiscopo's federal court habeas corpus petition on the grounds of procedural default and failure to assert a federal right. Lepiscopo filed a partial response to this Motion to Dismiss. The State then filed a Reply to the Petitioner's Response to the State's Motion to Dismiss, attaching an affidavit from the Chief Clerk of the Supreme Court of the State of New Mexico. In that affidavit, the Clerk attested that the Supreme Court records from August 22, 1991 through January 20, 1993, did not indicate that Lepiscopo ever filed a Petition for Writ of Prohibition in that Court. However, on February 1, 1993, the Clerk corrected her affidavit and acknowledged that Lepiscopo's Petition for Writ of Prohibition, file stamped on September 21, 1991, was, on January 29, 1993, found misfiled in a box of miscellaneous Supreme Court documents. Being misfiled, this Petition for a Writ of Prohibition was not ruled on by the New Mexico Supreme Court before Petitioner's state jury trial.

When the Supreme Court of New Mexico found the Petitioner's misfiled Verified Petition for Writ of Prohibition, it entertained the same with a ruling entered on March 8, 1993, dismissing the Petition as moot because the trial sought to be prohibited by the Petitioner had been conducted to a conclusion in early 1992.

The federal Petition for Writ of Habeas Corpus was referred to a Magistrate Judge. The final recommendation of the Magistrate Judge was filed April 27, 1993, and recommended that the federal petition be dismissed on the grounds of procedural default. The United States District Court for New Mexico adopted the recommendation of the Magistrate Judge and entered its Order dismissing Plaintiff/Appellant's federal petition for habeas corpus with prejudice. This appeal from that ruling followed.

In the case of *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court stated that:

This court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted

available state remedies as to any of his federal claims. [citations omitted] This exhaustion requirement is also grounded in principles of comity; in a federal system, the State should have the first opportunity to address and correct alleged violations of state prisoners' federal rights. *Coleman*, 501 U.S. at 731, 111 S.Ct. at 2554–55. "The exhaustion requirement is not satisfied if the habeas petitioner 'has the right under the law of the State to raise, *by any available procedure*, the question presented.'" *Harris v. Reed*, 489 U.S. 255, 268, 109 S.Ct. 1038, 1046, 103 L.Ed.2d 308 (1989), citing 28 U.S.C. § 2254(c). (emphasis added)

█ It is undisputed in the case at bar that Petitioner Lepiscopo did not file a direct appeal from his convictions and sentences in New Mexico state district court, as he was entitled as of right to do. N.M. Const., Art. 6, § 2; Section 39–3–3(A), NMSA (1978); SCRA 1986, Rules 12–201, 12–202. As a result, regardless of the inaction by the New Mexico Supreme Court regarding Lepiscopo's Writ of Prohibition prior to his trial, Petitioner had another available procedure and remedy in a direct appeal, which Petitioner did not pursue and is now precluded from filing under New Mexico law. *State v. Alvarez*, 113 N.M. 82, 823 P.2d 324 (App. 1991). In addition, Petitioner's failure to timely appeal his convictions and sentences would bar further review of his claims in state court by post-conviction petition. *State v. Gillihan*, 86 N.M. 439, 524 P.2d 1335 (1974).

In any event, a writ of prohibition "is a preventative and not a curative writ. It issues to prevent the commission of a future act and not to undo or correct that which has already been accomplished."[1] *State ex rel. Alfred v. Anderson*, 87 N.M. 106, 529 P.2d 1227, 1228 (1974). *See also, State Game*

*Commission v. Tackett*, 71 N.M. 400, 379 P.2d 54 (1963). Once the trial of Petitioner's case in state court had taken place, the Petitioner's Verified Petition for Writ of Prohibition was mooted as a matter of law, as subsequently found by the New Mexico Supreme Court, as the remedy afforded by a writ of prohibition was obviously no longer available to the Petitioner. The Petitioner could, however, have still challenged the grand jury proceeding by a direct appeal of his convictions and sentences, but failed to do so.

█ As a result of the Petitioner's default in not appealing his convictions and sentences, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565. Lepiscopo's *pro se* representation "does not exempt him from these requirements." *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir.1993), citing *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992). In order to demonstrate cause, the Petitioner would have to show "that some objective factor external to the defense impeded [his] efforts to comply with the state's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). The Petitioner has come forward with no facts that would meet the cause requirement, in that he does not attempt to justify his failure to timely appeal his convictions and sentences.

█ Even though the Petitioner in this case is unable to demonstrate cause for his default, we would nonetheless be able to reach the issues presented in his habeas petition if he could show "that a fundamental

---

1. It is noted by this Court that the Petitioner's complaint concerning the presence of two guards during the grand jury proceedings is based solely upon the New Mexico case of *Davis v. Traub*, 90 N.M. 498, 565 P.2d 1015, 1017 (1977). The statute at issue in that case was subsequently amended twice, with the final amendment effective in 1981. The statute which was in effect at the time of the Petitioner's grand jury proceeding, unlike the statute in *Davis*, specifically provided in part regarding security guards that:

Persons required or entitled to be present at the taking of testimony before the grand jury may include the district attorney and the attorney general and their staffs, interpreters, court reporters, security officers, the witness and an attorney for the target witness; provided that such security personnel may be present only with special leave of the district court and are neither potential witnesses nor otherwise interested parties in the matter being presented to the grand jury.

miscarriage of justice would result from a failure to entertain the claim." *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). The fundamental miscarriage of justice exception is implicated only "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 496, 106 S.Ct. at 2650. The Petitioner has not alleged actual innocence and thus the fundamental miscarriage of justice exception is also inapplicable to the case at bar. As a result, because the Petitioner cannot meet either the cause and prejudice or actual innocence exceptions, his habeas claims cannot be considered on the merits,[2] and his Petition for Writ of Habeas Corpus should be dismissed.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

---

[2] Throughout the foregoing discussion, we have assumed that the Appellant has in fact raised a federal claim in his habeas petition, as required for our review. *Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). While the Appellee urges that the Petitioner has only raised a state law issue, precluding review by this Court, in light of the Petitioner's clear default of his habeas claim it is unnecessary for this Court to address that issue.

In addition, because the state record in the case at bar was never produced, we cannot say with certainty that the Petitioner's claim is not "interwoven" with federal law. *Coleman*, 501 U.S. at 735, 111 S.Ct. at 2557.