**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 2 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARVIN BISHOP,

      Petitioner - Appellant,

vs.

PEOPLE OF THE STATE OF
COLORADO; GENE ATHERTON;
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents - Appellees.

No. 00-1315
(D.C. No. 00-Z-266)
(D. Colo.)

---

**ORDER AND JUDGMENT**\*

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.\*\*

---

      Petitioner Marvin Bishop, an inmate appearing pro se, seeks a certificate of

appealability ("COA") allowing him to appeal the district court's order denying

relief on his petition for a writ of habeas corpus, 28 U.S.C. § 2254. Because Mr.

Bishop has failed to make "a substantial showing of the denial of a constitutional

---

     \* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

     \*\* After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

right" as required by 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal.

In 1992, Mr. Bishop was convicted of second-degree burglary and violation of a custody order. He was sentenced to twelve years plus a period of parole for the burglary and four years plus a period of parole for violation of the custody order. Doc. 11, Ex. A. The judgment of conviction was entered on June 11, 1992. Id. His conviction was affirmed on direct appeal by the Colorado Court of Appeals on October 14, 1993, id., Ex. B, and the Supreme Court of Colorado denied his petition for a writ of certiorari on April 25, 1994. Id., Ex. C.

In October 1997, Mr. Bishop initiated post-conviction proceedings in the Denver District Court pursuant to Colo. R. Crim. P. 35(c). Id., Ex. G. The court denied his motion without a hearing because the motion was barred by the statute of limitations for collateral attacks upon trial judgments, Colo. Rev. Stat. § 16-5-402, which requires that the motion be filed within three years of the conviction. Because Mr. Bishop was convicted in June 1992, he had until June 1995 to file a collateral attack. His October 1997 motion was more than two years too late. Id. Mr. Bishop alleges that his appeal to the Colorado Court of Appeals was denied on July 29, 1999, and that the Supreme Court of Colorado denied his petition for a writ of certiorari on December 20, 1999. Doc. 12 at 2; Doc. 3 at 7.

Mr. Bishop filed the instant federal habeas petition on February 7, 2000.[1] Doc. 3. Mr. Bishop raised three claims before the federal district court: (1) that the prosecution failed to disclose evidence favorable to him; (2) that he had ineffective assistance of counsel; and (3) that he was denied access to the courts due to the trial court's failure to investigate evidence favorable to him. Id. at 6-7, 9. The district court found that Mr. Bishop had procedurally defaulted all of his claims in state court, and, in addition, that Mr. Bishop's federal habeas application was barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Doc. 12 at 4.

On appeal to this court, Mr. Bishop asserts his previous claims and argues that he has shown sufficient cause and prejudice and a fundamental miscarriage of justice to excuse his state procedural default. See Aplt. Br. at 2-3; see also Coleman v. Thompson, 501 U.S. 722, 750 (1991); Lepiscopo v. Tansy, 38 F.3d 1128, 1130 (10th Cir. 1994) (noting that litigant's pro se status does not exempt him from demonstrating cause and prejudice or fundamental miscarriage of justice). Mr. Bishop alleges that he suffers from a chronic mental health disorder, "somatic disorder," and requests that "competent and educated" counsel be

---

[1] Pursuant to the petitioner mailbox rule, Houston v. Lack, 487 U.S. 266, 270 (1988), the magistrate judge assumed that this action commenced on the same day Mr. Bishop signed the petition, January 23, 2000, Doc. 12 at 5, but using either date, our analysis remains the same.

appointed to help litigate his case.  Aplt. Br. at 3, 15.

Mr. Bishop has no constitutional right to counsel in either state or federal collateral proceedings.  Coleman, 501 U.S. at 752 (state); Swazo v. Wyo. Dep't of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994) (federal).  Moreover, we do not believe that Mr. Bishop has met the standard for cause or demonstrated a fundamental miscarriage of justice.  To demonstrate cause, Mr. Bishop must show "that some objective factor external to the defense impeded [his] efforts to comply with the state's procedural rule."  Lepiscopo, 38 F.3d at 1130 (internal quotations and citations omitted, alteration in original).  Mr. Bishop's allegation that he suffers from "somatic disorder" is not enough to meet this standard.  A 1992 psychiatric examination found Mr. Bishop competent to stand trial, Aplt. Br., Ex. C, and the only other medical records Mr. Bishop provides the court do not address Mr. Bishop's ability to pursue his appeal and are not from the relevant time period.[2]  Doc. 5, Ex. A, B.  In addition, because Mr. Bishop does not make a substantiated actual innocence claim, the fundamental miscarriage of justice exception is also inapplicable to this case.

_____

[2] We note that Mr. Bishop does not allege that he was incompetent at the time of his trial, only that he is incompetent to litigate his collateral attacks on the state court judgment.  Even if we were to construe Mr. Bishop's brief as asserting that he was incompetent at trial, Mr. Bishop has failed to make "a showing by clear and convincing evidence [that] raise[s] threshold doubt about his competency."  Nguyen v. Reynolds, 131 F.3d 1340, 1346 (10th Cir. 1997) (internal quotations and citations omitted).

Lepiscopo, 38 F.3d at 1131.

Finally, even if Mr. Bishop had not procedurally defaulted his claims in state court, his federal habeas petition would still be barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d). Because Mr. Bishop's conviction became final before the Antiterrorism and Effective Death Penalty Act took effect, Mr. Bishop had until April 23, 1997, one year after the statute's effective date, to file his federal habeas petition. See United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). Mr. Bishop did not file his petition until February 2000, almost three years too late. The one-year statute of limitations was not tolled during the time Mr. Bishop's postconviction Colo. R. Crim. P. 35(c) motion was pending in state court because the motion was not timely and, therefore, not "properly filed." 28 U.S.C. § 2244(d)(2); Habteselassie v. Novak, 209 F.3d 1208, 1210-11 (10th Cir. 2000). Mr. Bishop has also not alleged circumstances that would justify equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

We DENY Mr. Bishop's "Motion for Judgement on the Pleadings," DENY his request to proceed in forma pauperis, DENY a COA, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge


- 5 -