**F I L E D**

**UNITED STATES COURT OF APPEALS**

**JUN 4 2001**

**TENTH CIRCUIT**

EDWARD CHARLES ELLIS,

      Petitioner - Appellant,

vs.

JAMES L. SAFFLE; THE
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents - Appellees.

No. 00-6316
(D.C. No. CIV-99-908-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

Petitioner Edward Charles Ellis, an inmate appearing pro se, seeks a

certificate of appealability ("COA") allowing him to appeal the district court's

order denying relief on his petition for a writ of habeas corpus, 28 U.S.C. § 2254.

Because Mr. Ellis has failed to make "a substantial showing of the denial of a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

In January 1997, Mr. Ellis was convicted in Oklahoma state court of grand larceny, after former conviction of two or more felonies, and sentenced to fifty years' imprisonment. On direct appeal, Mr. Ellis raised two claims: (1) the sufficiency of the evidence, and (2) that his sentence was excessive. R. doc. 10, ex. A. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction. Id., Ex. C.

Mr. Ellis' conviction arose out of an incident in which Mr. Ellis stole a gun worth more than fifty dollars from Bert Roberts. In state post-conviction proceedings, Mr. Ellis raised six issues, all of which centered around his allegation that the prosecutor had failed to disclose a bill of sale allegedly showing that Frank Burleson, rather than Mr. Roberts, was the lawful owner of the gun on the date of the crime. Id., Ex. D. The state district court denied Mr. Ellis' motion, id., Exs. E & F, and Mr. Ellis appealed. The OCCA affirmed the district court's denial of post-conviction relief, stating that:

> Petitioner's application alleges six propositions of error. A review of these propositions indicates that proposition 3, sufficiency of the evidence, was specifically addressed on direct appeal. Review of this issue is barred as *res judicata*. Petitioner's claims of ineffective assistance of trial counsel and violation of due process, could have been raised on direct appeal, but were not, and are waived. Petitioner's remaining claims are all part and parcel of his ineffective assistance of appellate counsel claim.

Id., Ex. H at 4. The OCCA then applied the test in Strickland v. Washington, 466 U.S. 668 (1984), to Mr. Ellis' ineffective assistance of appellate counsel claim and held that it was without merit. Id. at 4-5.

Mr. Ellis filed the instant federal habeas petition, raising five claims: (1) ineffective assistance of appellate counsel for failure to raise the issues set forth in Claims Two, Three, and Four; (2) violation of his due process rights due to the prosecutor's failure to disclose evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963); (3) insufficiency of the evidence; (4) ineffective assistance of trial counsel; and (5) a request for an evidentiary hearing on his claims of ineffective assistance of counsel. See R. doc. 21, doc. 2 (federal habeas petition).

In her Report and Recommendation, the magistrate judge found Claims Two, Three, and Four procedurally barred due to Mr. Ellis' failure to raise them in state court and that Mr. Ellis' allegations of ineffective assistance of appellate counsel did not constitute "cause" to excuse Mr. Ellis' procedural default. R. doc. 21 at 4, 11. The magistrate judge also found that Mr. Ellis was not entitled to habeas relief on his substantive ineffective assistance of appellate counsel claim and was not entitled to an evidentiary hearing. Id. at 12-14. The district court adopted the magistrate judge's Report and Recommendation, denied Mr. Ellis' petition, and denied a COA. R. docs. 27 & 36.

Mr. Ellis raises the same five issues before this court on appeal. See Aplt.

Br. at 2. We will address Mr. Ellis' claims that his due process rights were violated by the prosecutor's withholding of evidence (Claim Two) and that he had ineffective trial counsel (Claim Four) first. Mr. Ellis did not raise these issues on direct appeal, and the OCCA held that it was barred from reviewing these claims on post-conviction review according to Okla. Stat. tit. 22, § 1086. Because Mr. Ellis defaulted these issues in state court on an adequate and independent state ground,[1] see Banks v. Reynolds, 54 F.3d 1508, 1514 (10th Cir. 1995), we may not consider these issues unless Mr. Ellis can demonstrate "cause and prejudice" or a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Mr. Ellis asserts that his ineffective appellate counsel is the "cause" of his procedural default. Hickman v. Spears, 160 F.3d 1269, 1272 (10th Cir. 1998). In order to constitute cause, the attorney's conduct must fail to meet the two-pronged test in Strickland v. Washington, 466 U.S. 668 (1984). Mr. Ellis claims that by failing to raise his alleged due process violation and the ineffectiveness of his trial counsel, his appellate counsel fell below an "objective standard of reasonableness" and prejudiced his defense. Strickland, 466 U.S. at 687-88. Mr.

---

[1] Because Mr. Ellis had different trial and appellate counsel and his claim of ineffective trial counsel can be resolved on the trial record alone, his claim of ineffective trial counsel is procedurally barred. English v. Cody, 146 F.3d 1257, 1264 (10th Cir. 1998).

Ellis' arguments rest on his belief that if a 1995 bill of sale showing that the owner of the gun on April 11, 1995, was not the man that he stole the gun from on October 10, 1996, had been introduced into evidence, the result of the trial would have been different. However, we agree with the magistrate judge that Mr. Ellis has failed to show how such evidence is exculpatory or material or that any of the witness testimony given at trial was perjured or false. R. doc. 21 at 11. Therefore, his appellate counsel was not ineffective for failing to appeal either of these issues and does not constitute cause for Mr. Ellis' procedural default.[2]

Turning to the sufficiency of the evidence challenge (Claim Three), the magistrate judge determined this claim was procedurally barred. This is incorrect. Mr. Ellis raised this issue on direct appeal and the state court addressed the issue on its merits. Therefore, we may grant Mr. Ellis federal habeas relief, but only if the state court determination of this claim "was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Under federal law, we review a sufficiency of the evidence challenge to determine "whether, after viewing the evidence in the light most favorable to the

---

[2] The "fundamental miscarriage of justice" exception does not apply here, as Mr. Ellis does not make a substantiated claim of actual innocence. Lepiscopo v. Tansy, 38 F.3d 1128, 1131 (10th Cir. 1994).

prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). In this case, on direct appeal the OCCA determined that "there was sufficient evidence for a rational jury to find Appellant guilty of Grand Larceny." R. doc. 10, Ex. C. This is not an unreasonable application of <u>Jackson</u>.[3]

The state court also directly addressed Mr. Ellis' claim regarding ineffective assistance of appellate counsel (Ground One). R. doc. 10, Ex. H. Therefore, our review is once again limited by 28 U.S.C. § 2254(d). In denying Mr. Ellis' request for habeas relief, the OCCA applied the test in <u>Strickland</u> and concluded that "[c]ounsel is not required to raise every issue available for appeal, and simply failing to raise an issue is insufficient to support a claim of ineffective assistance of appellate counsel." R. doc. 10, Ex. H at 5. This is not an unreasonable application of <u>Strickland</u>.

Finally, we address Mr. Ellis' request for an evidentiary hearing (Claim Five). Because 28 U.S.C. § 2254(e)(2) does not apply, <u>see</u> <u>Miller v. Champion</u>, 161 F.3d 1249, 1253 (10th Cir. 1998), Mr. Ellis is entitled to an evidentiary

---

[3] As <u>Romano v. Gibson</u>, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001), points out, this court's authority is split as to whether, under AEDPA, we review a sufficiency of the evidence claim as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1). However, we need not address this issue here as our result would be the same under either AEDPA section.

hearing only if he can show that "his allegations, if true and if not contravened by the existing factual record, would entitle him to habeas relief." Id. (citation omitted). Mr. Ellis has not made this showing.

We DENY Mr. Ellis' request to proceed in forma pauperis, DENY a COA, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge