**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID PAUL PEREZ,

　　　Petitioner - Appellant,

v.

RICK SOARES; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

　　　Respondents - Appellees.

No. 02-1404
D.C. No. 01-MK-153
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO** and **HARTZ**, Circuit Judges.

David Paul Perez brings this motion pro se under § 2254, challenging his

state sentence of 64 years for criminal assault and three habitual offender counts.

He contends that (1) he was denied effective assistance of counsel, (2) his

conviction and plea agreement were obtained unconstitutionally, (3) he was

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G).  The case is therefore ordered submitted without oral argument.  This
order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

denied his right to appeal on the three counts of being an habitual offender as a condition of his plea bargain, and (4) he is incarcerated without a legal sentence. The district court denied his petition and his accompanying motion to file *in forma pauperis* (IFP). Perez now requests both a Certificate of Appealability (COA) and again to file IFP. As all of Perez's arguments have either been waived or are without merit, we will deny his requests.

Perez pled guilty to three counts of being an habitual offender, and was convicted by a jury of first degree assault and aggravated robbery. His direct appeal of the jury verdict was dismissed in June 1996 for failure to supplement and cure deficiencies as ordered by the court. Three months later, Perez filed a motion for post-conviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. As a result, the Colorado Court of Appeals vacated his conviction for aggravated robbery, but affirmed Perez's convictions for first degree assault and habitual criminal charges. His remaining sentence of 64 years for these crimes was to stand.

Perez's § 2254 motion is timely because his action in filing the motion for post-conviction relief pursuant to Colorado rules tolled the federal limitations period. See also Havteselassie v. Novak, 209 F.3d 1208 (10th Cir. 2000). Perez also exhausted his remedies in state court as is necessary before bringing this

claim in federal court.  See Castille v. Peoples, 489 U.S. 346, 351 (1989).  We may now turn to the substance of his appeal.

Perez's first argument is that he was denied effective assistance of counsel. His claim here has two subparts: (a) that counsel should have filed a motion to dismiss or should have objected to the habitual criminal counts before he pled guilty to them; (b) that he was coerced into pleading guilty, having been technically charged as an habitual criminal offender under § 16-13-101(1) instead of under § 16-13-101(2), which contained the applicable provisions.  But, as the district court discussed, Perez waived these arguments with his guilty plea and, regardless of that waiver, additionally fails to allege prejudice from either event. Both he and his counsel were fully aware of the proper charges against him and Perez made his decision to plead guilty in clear light of those circumstances.

Perez's second argument is that his conviction and pleas were obtained unconstitutionally.  The basis of this objection, though, is essentially the same as the second claim above: that he should have been charged under § 16-13-101(1) instead of under § 16-13-101(2).  As a result of the technical error, Perez asserts that he did not have fair notice of the charges against him.  It is, however, a part of the record that the information charging Perez contained the correct counts, if not the correct citation, and that other documents produced before trial referenced the case against him as under § 16-13-101(2).  Thus Perez did have actual notice

of the proper charges against him before trial. His continued objection to the contrary is without merit.

Perez's third argument is that he was improperly denied his right to appeal his conviction for being an habitual offender as a part of his plea bargain. But this objection is waived because Perez never mentioned it in his post-conviction motion before the state courts. He further makes no showing of cause and prejudice or a fundamental miscarriage of justice as would be necessary to hear the merits of his claim despite the waiver. Federal courts may not then intervene. Jackson v. Shanks, 143 F.3d 1313, 1317 (10th Cir. 1998); Lepiscopo v. Tansy, 38 F.3d 1128, 1130 (10th Cir. 1994).

Perez's fourth argument is that he remains incarcerated without a legal sentence. Here, though, Perez misreads the result of his post-conviction appeal to the state courts. Although the state courts vacated his sentence for aggravated robbery, they affirmed his convictions for first degree assault and the counts of being an habitual offender. Perez is currently serving the 64 years for those crimes, not for the aggravated robbery. The petitioner is therefore incarcerated on a legal sentence, and his argument to the contrary has no merit.

For substantially the reasons stated by the district court, we DENY Perez's application for a COA and DISMISS this appeal. We also DENY Perez's request for IFP status.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge