**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Leonardo TORRES–ORTIZ,
Defendant—Appellant.**

No. 02–10343.

D.C. No. CR–00–05177–MDC.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2003.*

Decided May 19, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

### MEMORANDUM**

Leonardo Torres–Ortiz appeals his conviction and resulting 188–month sentence for possession and conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

We decline to address Torres–Ortiz's claim of ineffective assistance of counsel, because it cannot be advanced without development of facts outside record. *See United States v. Hanoum*, 33 F.3d 1128, 1131–32 (9th Cir.1994).

Torres–Ortiz claims he was entitled to a downward departure based on the conditions of his pre-conviction housing. We find no merit in this argument.

Torres–Ortiz next contends the district court erred by denying a two-point reduction for acceptance of responsibility. We find no clear error in the district court's determination that Torres–Ortiz had not met his burden of manifesting a genuine acceptance of responsibility for his actions. *See United States v. Cortes*, 299 F.3d 1030, 1037–38 (9th Cir.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 1333, 154 L.Ed.2d 1084 (2003).

Torres–Ortiz also claims the district court should have calculated his sentence based on the actual amount of methamphetamine, as opposed to the weight of the entire mixture. We are unpersuaded, be-

cause U.S.S.G. § 2D1.1(c) n.B explicitly authorizes the district court's calculation in this regard.

Finally, Torres–Ortiz contends the district court failed to make the factual findings required by Federal Rule of Criminal Procedure 32. Because the district court's determination did not require consideration of any disputed facts, we find no error. *See* Fed. R.Crim. P. 32(i)(3)(B).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

