**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 7, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CELESTINO QUINTANA,

    Petitioner - Appellant,

v.

MATTHEW HANSEN; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Respondents - Appellees.

No. 17-1424
(D.C. No. 1:17-CV-01424-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

Celestino Quintana, a state prisoner, seeks a certificate of appealability (COA)

under 28 U.S.C. 2253(c)(1) to challenge the denial of his 28 U.S.C. § 2254 habeas

petition and moves to proceed *in forma pauperis* (IFP). We deny the request for a

COA and deny the IFP motion.

**BACKGROUND**

On January 1, 2010, Quintana attended a house party of an acquaintance, and

in the early morning hours, he slit another person's throat. Party guests summoned

the police, and upon their arrival told them that Quintana had slit the victim's throat.

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The guests then directed police to Quintana's trailer, located in the home's backyard. Police went to the trailer, knocked, and announced their presence. Police opened the trailer's unlocked door and seized Quintana, who was standing in the doorway. Two officers conducted a brief protective sweep of the trailer, during which they recovered two knives in plain view. Later, the police obtained a search warrant for the trailer. DNA testing revealed the victim's DNA on one of the knife blades.

Colorado then charged Quintana with first degree assault with a deadly weapon in violation of Colo. Rev. Stat. Ann. § 18-3-202(1)(a) and five habitual-criminal counts. Quintana moved to suppress evidence of the knives and DNA associated with them, but the trial court denied his motion. A jury found him guilty of first-degree assault with a deadly weapon. The trial court judge sentenced him to 64 years imprisonment. Quintana appealed his conviction, but the Colorado Court of Appeals affirmed. On December 23, 2013, Quintana then petitioned for a writ of certiorari, which the Colorado Supreme Court denied.

On May 2, 2014, Quintana filed a "Motion to Appoint Conflict Free Counsel Pursuant to Rule 35(c)," and within that motion, asked for a "continuance granting [him] time to procure and submit [a] previously neglected post conviction 35{c} [sic] motion." State R. at 338. On May 7, 2014, the state district court denied this motion, concluding that Quintana had "fail[ed] to state any grounds for post-conviction relief." *Id.* at 342. The court also stated Quintana could "re-file his motion in accordance with Rule 35(c) stating specific grounds for relief." *Id.* In his present petition for a certificate of appealability, Quintana describes this series of filings as

2

his first Rule 35(c) motion and alleges that he raised "jurisdictional and due process" arguments in that motion, including ineffective assistance of counsel.[1] Petitioner's Application for COA at 4.

On October 27, 2014, Quintana filed his second post-conviction motion under Rule 35(c) of the Colorado Rules of Criminal Procedure. In that motion, he alleged that his trial counsel provided ineffective assistance by "fail[ing] to argue and demand that the courts original order of a mental [] evaluation be performed by means of a minimum thirty (30) day stay at the Colorado State Mental Hospital and by un-biased and outside mental health professionals." State R. at 349. He also alleged that his trial counsel had a conflict of interest, that his mental-health evaluations were deficient, and that the trial court judge violated the Colorado Code of Judicial Conduct. The district court denied the motion. Quintana then appealed to the Colorado Court of Appeals, but while the appeal was pending, he sought a limited remand to allow the district court to consider a fourth claim, that the prosecution had violated an agreement not to pursue habitual-criminal charges. The Colorado Court of Appeals denied his motion for a limited remand, and on October 15, 2015, Quintana moved to dismiss his own appeal, which the Colorado Court of Appeals granted.

---

[1] The federal district court, in denying Quintana's habeas petition and request for a certificate of appealability, makes no mention of this alleged first Rule 35(c) motion, and instead terms the two Rule 35(c) motions that follow as his first and second petitions, respectively. Based on the record provided to us, it is unclear whether Quintana filed a Rule 35(c) motion separate from his request for counsel on May 2, 2014. For the sake of clarity, we will adopt Quintana's description of this filing as his first Rule 35(c) motion, and we term the two Rule 35(c) motions that follow as his second and third motions.

On October 30, 2015, Quintana filed his third Rule 35(c) post-conviction motion. He argued that the district court lacked jurisdiction to try him as a habitual criminal because in exchange for waiving his preliminary hearing, the prosecutor had promised not to file any habitual-criminal counts. The trial court dismissed the motion as successive on grounds that Quintana could have brought the same claim in his original Rule 35(c) motion, and also on grounds that the claim lacked merit. The Colorado Court of Appeals then affirmed the trial court's order because the petition was a successive motion barred by Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure.

On June 12, 2017, Quintana filed the instant habeas petition, alleging three claims: (1) that the prosecution violated his due-process rights by failing to honor an agreement not to file habitual-criminal charges if he waived his right to a preliminary hearing; (2) that the police violated his Fourth Amendment rights by their protective sweep, requiring suppression of all evidence obtained from that search; and (3) that he received ineffective assistance of counsel when his trial counsel didn't ensure that mental-health professionals evaluated his competency over a 30-day period.

On September 12, 2017, the District Court of Colorado dismissed claims one and three as procedurally barred under Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure, and on November 7, 2017, the district court denied Quintana's § 2254 habeas petition and declined to issue a certificate of appealability under 28 U.S.C. § 2253(c) on his remaining Fourth Amendment claim, relying on *Stone v. Powell*, 428 U.S. 465, 494 (1976), to foreclose that claim. In this regard, the court

4

concluded that Colorado had given Quintana a full and fair opportunity to litigate that claim. On November 20, 2017, Quintana appealed.

## DISCUSSION

### A. Certificate of Appealability

Before he may appeal, Quintana must obtain a COA. 28 U.S.C. § 2253(c)(1). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that issues presented were adequate to deserve encouragement to proceed further.'" *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the issues are (1) whether Rule 35(c)(3)(VII) procedurally bars Quintana's due process and ineffective assistance claims (claims one and three in his habeas petition), and (2) whether *Stone v. Powell*, 428 U.S. 465, 494 (1976), bars Quintana's Fourth Amendment claim (claim two in his habeas petition).

#### 1. *Rule 35(c)(3)(VII)*

We won't "review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).

5

And the ground is adequate if it has been "applied evenhandedly in the vast majority of cases." *Id.*

Here, the district court dismissed claims one and three of Quintana's habeas petition under Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure. Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure states that "[t]he court shall deny any claim that could have been presented in an appeal previously brought or post-conviction proceeding previously brought." Colo. R. Crim. P. 35(c)(3)(VII). This rule is both independent and adequate because it comes from Colorado law and has been applied evenhandedly by the Colorado courts. *See LeBere v. Abbott*, 732 F.3d 1224, 1233 n.13 (10th Cir. 2013) (collecting several unpublished cases determining that Rule 35(c)(3)(VII) is an independent and adequate state ground precluding federal habeas review).

Quintana first claims that the prosecution violated his due-process rights by filing habitual-criminal charges after agreeing not to do so if Quintana waived his right to a preliminary hearing. We agree with the district court that Rule 35(c)(3)(VII) bars this claim. Quintana could have presented this argument in his October 27, 2014 Rule 35(c) post-conviction motion. He didn't. *See* State R. at 349–55. Both the trial court and the Colorado Court of Appeals rejected this claim on this basis.

Under his third claim, Quintana argues that his trial counsel provided ineffective assistance by failing to object to his second mental-health evaluation, which, he says, amounted to two 40-minute evaluations rather than a full 30-day

6

evaluation. In his October 27, 2014 motion made under Rule 35(c), Quintana *did*

include this claim, *see* State R. at 349, but he later voluntarily dismissed that petition

before the Colorado Court of Appeals could decide it. He failed to exhaust his state

remedies on this claim as required. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531,

1534 (10th Cir. 1994) ("The exhaustion requirement is satisfied if the federal issue

has been properly presented to the highest state court[.]"). Further, if Quintana now

attempted to bring this claim under a new Rule 35(c) motion, the Colorado courts

would procedurally reject his claim under Rule 35(c)(3)(VII). *Anderson v. Sirmons*,

476 F.3d 1131, 1139 n.7 (10th Cir. 2007) ("'Anticipatory procedural bar' occurs

when the federal courts apply [a] procedural bar to an unexhausted claim that would

be procedurally barred under state law if the petitioner returned to state court to

exhaust it.") (quoting *Moore v. Schoeman*, 288 F.3d 1231, 1233 n. 3 (10th Cir.

2002)). So the district court correctly concluded that Quintana has procedurally

defaulted his third claim, too.

Even so, Quintana argues he can show cause for and prejudice from his failure

to bring his first claim in his first Rule 35(c) proceeding and for voluntarily

dismissing his third claim in that proceeding. To show cause, he must demonstrate

that an "objective factor external to the defense" prevented him from complying with

the state procedural rule. *Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994)

(quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Quintana makes several

arguments to show cause and prejudice: that he is mentally incompetent, that he is

pro se, that he has a 10th grade education, and that Colorado failed to provide him statutorily mandated post-conviction counsel.

Quintana has not shown that his alleged mental incompetence constitutes cause. Quintana alleges that he suffered a brain injury before his trial that affects his ability to comprehend the legal concepts at issue in his post-conviction challenges. He also alleges that while awaiting trial, a mental-health professional medicated him with Geodon, a drug to treat schizophrenia.

Before his trial, a mental-health professional twice examined Quintana and found him competent to stand trial. And Quintana hasn't provided the court with any medical records or evidence demonstrating his mental incompetence when he voluntarily dismissed his October 27, 2014 motion under Rule 35(c). So he hasn't shown cause. *See Bishop v. Colorado*, 12 F. App'x 807, 809 (10th Cir. 2001).

Additionally, Quintana's "pro se status and his corresponding lack of awareness and training on legal issues do not constitute adequate cause" to overcome a procedural bar. *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991). That the Colorado courts didn't appoint him post-conviction counsel isn't cause either, because Quintana has "no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). And because Quintana "has failed to supplement his habeas claim with a colorable showing of factual innocence, he cannot demonstrate that our failure to review his ineffective assistance of counsel claims will result in a fundamental miscarriage of justice."

8

*Smallwood v. Gibson*, 191 F.3d 1257, 1269 (10th Cir. 1999). The district court properly denied Quintana a COA on claims one and three of his habeas petition.

2. *Stone v. Powell*

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976). Here, at trial, Quintana moved to suppress evidence of the knives seized from his trailer during the police officers' protective sweep of his home. After a suppression hearing, the trial court denied this motion. On direct appeal, the Colorado Court of Appeals held that the police had lawfully conducted a protective sweep when they recovered the knives. Now, in his habeas petition, he claims that the trial court and Colorado Court of Appeals based their review of his Fourth Amendment claim on "unreasonable fact-findings and an unreasonable application of the relevant law." Petitioner's Application for COA at 24.

What matters is that Quintana had the full and fair opportunity to litigate his claim. We conclude that he had this opportunity, from the suppression hearing through his direct appeal to the Colorado Court of Appeals. Quintana's argument amounts to a claim that the trial court and Colorado Court of Appeals came to the wrong conclusion, which isn't a relevant argument under *Stone*. *Matthews v. Workman*, 577 F.3d 1175, 1194 (10th Cir. 2009) ("Mr. Matthews argues that Oklahoma misapplied Fourth Amendment doctrine in reaching these conclusions, but

9

that is not the question before us. The question is whether he had a full and fair opportunity to present his Fourth Amendment claims in state court; he undoubtedly did."). The district court properly denied Quintana a COA on claim two of his habeas petition.

**B. IFP Motion**

Having reviewed Quintana's IFP motion on appeal, we conclude that he hasn't demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812–13 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)). Thus, we deny his IFP motion.

## CONCLUSION

We deny Quintana a COA and deny his IFP motion.

Entered for the Court

Gregory A. Phillips
Circuit Judge