FILED
United States Court of Appeals
Tenth Circuit

October 30, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JERRY E. BLAIR,

      Petitioner - Appellant,

v.

RICK RAEMISCH, CDOC
Director; STEVEN OWENS, CSP
Warden; ATTORNEY GENERAL
OF THE STATE OF COLORADO,

      Respondents - Appellees.

No. 18-1234
(D.C. No. 1:18-CV-00138-LTB)
(D. Colo.)

---

**ORDER DENYING A CERTIFICATE OF APPEALABILITY AND DISMISSING THE APPEAL**

---

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.

---

Mr. Jerry E. Blair sought habeas relief, and the district court ordered dismissal based on a procedural default in state court. Mr. Blair seeks a certificate of appealability and leave to proceed *in forma pauperis*. We grant leave to proceed *in forma pauperis*, but we decline to issue a certificate of appealability.

**Leave to Proceed *in Forma Pauperis***

To obtain leave to proceed *in forma pauperis*, Mr. Blair must show that he lacks money to prepay the filing fee and that he brings the appeal in

good faith. 28 U.S.C. § 1915(a)(1), (a)(3); Fed. R. App. P. 24(a)(5). He satisfies these requirements. Mr. Blair does not have any income or assets, and the average monthly balance in his prison trust fund account for the previous six-month period is only $91.76. In addition, we have no reason to question Mr. Blair's good faith. We therefore grant leave to proceed *in forma pauperis*.

## Certificate of Appealability

To appeal, Mr. Blair must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Because the district court relied on procedural grounds in ordering dismissal, Mr. Blair must show that the court's disposition was at least reasonably debatable. *Laurson v. Leyba*, 507 F.3d 1230, 1231–32 (10th Cir. 2007). In our view, the district court's disposition was not reasonably debatable.

Mr. Blair cannot obtain relief because he procedurally defaulted on his habeas claims. He had raised these claims in the state trial court in his post-conviction, and the state trial court denied this post-conviction motion on November 2, 2015. With this ruling, Mr. Blair had only 49 days to file a notice of appeal,[1] but he waited over three months to file the document. In light of his failure to meet the 49-day deadline, the state court of appeals dismissed the appeal. Given the dismissal of the appeal based on timeliness, the federal district court concluded that the habeas claims are

---

[1]    Colo. App. R. 4(b)(1).

procedurally defaulted. *See Ballinger v. Kerby*, 3 F.3d 1371, 1374 (10th Cir. 1993) (holding that a habeas claim was procedurally defaulted based on the failure to timely appeal in state court). And in this appeal, Mr. Blair does not question the federal district court's reasoning.

In light of this procedural default, Mr. Blair can pursue federal habeas relief only upon a showing of (1) cause and prejudice or (2) a fundamental miscarriage of justice. *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). To demonstrate "cause" for procedural default, he must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Alternatively, a fundamental miscarriage of justice requires a showing of actual innocence. *Id.* at 496.

Mr. Blair contends that the trial court never ruled on the post-conviction motion. This contention is contradicted by the record, for the trial court's order on November 2, 2015, expressly denied the post-conviction motion. The order explained that the court had already denied two previous motions and was denying the latest motion, too.

Mr. Blair does not identify any external factor that would have prevented him from filing a notice of appeal in the 49-day period. He was apparently mistaken about whether the trial court had ruled on the post-conviction motion. But that mistake is not external to the defense and, therefore, does not supply cause for a procedural default. *See Lepiscopo v.*

3

*Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994) (explaining that even though the claimant was pro se, he could avoid a procedural default only by showing an "objective factor external to the defense"). In addition, Mr. Blair has not argued actual innocence. Given the absence of cause or a fundamental miscarriage of justice, Mr. Blair cannot overcome the procedural default. In light of this procedural default, the federal district court's dismissal of the habeas petition was not subject to reasonable debate.

* * *

Because Mr. Blair's habeas claims were procedurally defaulted in state court, the federal district court's ruling was not reasonably debatable. We therefore

- decline to issue a certificate of appealability and
- dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge